### KERCHNER & CALDER BROS. v. McCORMAC.

1. An attachment may be set aside upon two grounds: 1. Where it has been irregularly issued, the facts alleged being insufficient; 2. Where it has been improvidently issued, the facts alleged being untrue.

2. To entitle plaintiff to the severe remedy of attachment upon the ground of fraud, the charge must be made directly and fully in the terms of the statute, and the facts must be supported by such testimony as would *prima facie* sustain the charge in an action at law. The affidavit is not sufficient if rested merely upon hearsay, information, and belief.

3. The order of the Circuit Judge dismissing the attachment because improvidently issued, sustained—this finding of fact not being without testimony to support it, nor opposed to the overwhelming weight of testimony.

Before KERSHAW, J., Marion, March, 1885.

This was a motion to dissolve an attachment, which was issued upon the following affidavit:

Personally appears Francis W. Kerchner, one of the plaintiffs above named, who, on oath, says:

1. That a cause of action exists in favor of the above named plaintiffs against the above named defendants on the joint and several note of E. C. McCormac and E. A. McCormac for sixteen hundred and thirty-four 23–100 dollars to the order of E. L. McCormac, dated 25th January, 1883, due 1st January, 1884, which was endorsed over to said plaintiffs prior to its maturity by E. L. McCormac; which note bears interest after its maturity at the rate of 8 per cent. per annum, payable annually, and that no part of said note has been paid, and the plaintiffs are instituting an action of even date herewith against all of said defendants for the whole of said note and interest.

2. That the said E. L. McCormac is not a resident of this State, but a resident of the State of North Carolina; that the said E. L. McCormac has, as deponent is informed and believes, conveyed his interest in valuable real estate in this county to his

wife; that such conveyance was evidently for the purpose and with the intent to prevent the creditors of the said E. L. McCormac from reaching said property.

3. That said E. A. McCormac, being approached by plaintiffs recently as to his paying said note, coolly informed one of the plaintiffs that if plaintiffs would not sue said note, he, E. A. McCormac, would pay it; but that if they, plaintiffs, would sue it, that he, E. A. McCormac, would throw them into the costs, *i. e.*, throw the costs upon them, and that he would defeat them in getting anything on said note; that said threat could have but one interpretation, and that is, that said E. A. McCormac, who has a store and stock, or is a merchant, and who has other valuable property, and is unmarried, is about to dispose of his property with the intent of preventing plaintiffs and other creditors from collecting their claims.

4. That this deponent is informed by the agent of Messrs. Aaron & Rheinstein, of Wilmington, N. C., that E. A. McCormac has assigned to them a mortgage against E. C. McCormac for about eight thousand dollars, as a collateral to secure a debt for less than one-fourth that sum, which E. A. McCormac owes that firm, and that said E. A. McCormac has requested said firm not to let it be known that they hold such large collateral for their claim against him.

5. That deponent is further informed and believes that said E. A. McCormac is about to convey his stock of goods to a younger brother for the purpose of avoiding the payment of said note and perhaps other debts.

The Circuit decree was as follows:

A motion is made before me to set aside an attachment levied on the property of the defendant, E. A. McCormac. The motion is made, first, on the insufficiency of the affidavit upon which the warrant was obtained; and failing in that, upon affidavits controverting the facts charged in the original affidavit. The sufficiency of the affidavit must be determined in the first instance by inspection. If considered sufficient to sustain the attachment *prima facie*, the affidavits read at the hearing for the motion and those in behalf of the plaintiffs in reply must be considered, and if the allegations as stated in the original affidavit be not sustained, the motion must be granted; otherwise it must be refused.

The first paragraph of the original affidavit is a sufficient statement of the cause of action. The allegation contained in

the second paragraph that E. L. McCormac, one of the defendants, is a non-resident of this State, is sufficient to sustain the attachment as to him, and this is not controverted. The other allegations contained in that paragraph are made on information and belief alone, without stating the source of the information or the grounds of belief. This is not sufficient. *Ivy* v. *Caston*, 21 *S. C.*, 583. The allegations of the third paragraph of the affidavit are sufficient. They contain a statement of facts which, unexplained, would amount to fraud. The allegations of the fourth and fifth paragraphs of the affidavit are insufficient in that the former charges no fraudulent intent, and the facts stated do not make a case of fraud *per se*, and the latter sets forth allegations upon information and belief merely, which, as already said, is not sufficient.

The sufficiency of the affidavit being sustained in part, the case presented by the affidavits read at the hearing of the motion must be considered. The affidavit of E. A. McCormac denies the facts stated in the third paragraph of the original affidavit. The burden of proof of the fraud therein alleged is on the plaintiffs, and in a conflict of testimony the preponderance must be on their side. Nothing appears here but an affirmation on one side and a denial on the other, and no reason is furnished me for deciding the facts controverted in favor of one party rather than the other. Under these circumstances the facts alleged by the plaintiffs in this paragraph fail to be sustained by the preponderance of the testimony and must be decided against them. This leaves the attachment no ground to stand upon except as to E. L. McCormac, the non-resident, and that is not controverted.

The motion must prevail on another ground. The proof is abundant that the defendant, E. A. McCormac, was, at the time the warrant issued, making efforts to secure the means of paying the debt due to the plaintiffs. This negatives the inference of fraud sought to be drawn from the facts alleged. Upon this ground also the motion must prevail.

It is therefore ordered and adjudged, that the warrant of attachment herein, and all proceedings thereunder, in so far as they affect all the defendants except E. L. McCormac, who appears to be a non-resident of this State, be and are hereby vacated

and dissolved.    That the moving papers and all affidavits herein be filed, and that the plaintiffs pay the defendants the costs of this motion, ten dollars.

*Messrs. Johnson & Johnson,* for appellants.

*Mr. C. A. Woods,* contra.

August 3, 1886.    The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.    In this case, a warrant of attachment issued by the clerk for Marion County and levied upon the property of E. A. McCormac, was set aside by his honor, J. B. Kershaw.    The appeal involves the correctness of this action on the part of the Circuit Judge.

An attachment may be vacated or set aside upon one of two grounds, dependent upon the facts: 1st. Where it has been irregularly issued; and 2d. Where it has been improvidently issued.    An attachment is irregularly issued where the facts or allegations contained in the affidavit upon which it is founded, are insufficient; in other words, where, even admitting them to be true, they do not constitute a legal ground for the warrant. It is improvidently issued where the allegations, if true, would be sufficient, yet it satisfactorily appears that they are not true. The first ground may be determined upon an inspection of the affidavit; the second upon motion, ordinarily, supported and resisted by affidavits *pro* and *con.*    The attachment here was assailed upon both of these grounds.

His honor, the Circuit Judge, upon inspection of the affidavit of the plaintiff, Kerchner, upon which the clerk had issued the warrant, held that it was sufficient to sustain the attachment *prima facie,* at least to such extent as to authorize and require him to consider the affidavits submitted by the defendant against the truth of the allegations in the original affidavit, and those of the plaintiff in reply.    Upon this hearing he determined that the allegations of the original affidavit had not been sustained by the preponderance of the evidence.    He therefore ordered and adjudged that the attachment and all proceedings thereunder, in so far as they affected all the defendants except E. L. McCormac, who appeared to be a non-resident, be vacated, &c.

In our recent reports we have several cases which not only bear upon the question raised here, but we think are conclusive of this appeal, and against the appellant.    These cases are, *Smith & Melton* v. *Walker*, 6 *S. C.*, 169; *Brown* v. *Morris*, 10 *Id.*, 469; *Claussen* v. *Fultz*, 13 *Id.*, 478; and *Ivy* v. *Caston*, 21 *Id.*, 583.    In *Smith & Melton* v. *Walker*, it was held, "that where the application for an attachment is based on the ground that the debtor has absconded, or concealed himself, or has assigned, disposed of, or secreted his property, or is about to do so with intent to defraud his creditors, the affidavit must state the facts upon which the application is founded."    In *Brown* v. *Morris*, *supra*, it was held, "that it was not sufficient to allege simply upon information and belief the allegations relied on for the attachment, but that the affidavits in such cases must contain a statement of the particular facts upon which the allegations rest, and the source from which the information is derived, and that the evidence thus presented must be of a character as would in an action at law *prima facie* establish the facts alleged. In no other than in such sense and by such means can the requisite facts be made to *appear* to the judge or other officer before whom the motion is made," says the court.

In *Claussen* v. *Fultz*, *supra*, the affidavit contained a general charge of fraud, stated upon information and belief, that the defendant was disposing of his property and effects with intent to defraud his creditors.    Yet the court said this general charge, even if made upon positive knowledge, would not have been sufficient ground for issuing the attachment, unless supported by the statement of the facts and circumstances warranting such allegation.    In *Ivy* v. *Caston*, *supra*, the court held, that where the affidavit upon which the clerk issued the attachment contained a statement of belief, resting "upon hearsay, inferences, and conjecture," that there was intent to defraud, but made no positive averment founded on sufficient facts as to the intent, &c., the attachment should be dissolved on motion for irregularity.

Now, does the affidavit of Kerchner meet the requirements of these cases?    We think not.    Under the language of the attachment law, it is necessary that it should appear by affidavit that the defendant is disposing of his property, or intends to do so

(if that be the ground upon which the attachment is moved), with intent to defraud his creditors. Under the decisions above referred to, the fact of disposition of property, or purpose thereto, with intent to defraud creditors, must appear in such shape and upon such testimony as would at least raise a *prima facie* case in an action at law, and not upon the mere information and belief of the affiant. We think the affidavit of Kerchner fails in several respects to meet the requirements of the act and of the decisions construing it. In the first place, there is no direct·charge that the defendant, E. A. McCormac, is attempting to defraud his creditors in the acts alleged. It is stated, it is true, that he is about to dispose of his property "with the intent of preventing plaintiffs and other creditors from collecting their claims." This may have been intended as a charge of fraud, but still it is not made in the direct and pointed way prescribed in the act, nor are the facts given upon which the court could determine whether or not this fraudulent intent was present. An attachment is a severe and harsh proceeding, it is summary and prompt, and parties desiring to avail themselves of it should conform to the requirements of the law, not inferentially and by indirection, but directly and fully.

By an examination of Kerchner's affidavit, it will be seen that the allegation that defendant, E. A. McCormac, is about to dispose of his stock of goods to his younger brother, is stated simply upon information and belief. That he had assigned a certain mortgage to Aaron & Rheinstein, of Wilmington, N. C., was made upon information from the agent of these parties—hearsay and incompetent in a trial at law. The allegation in the third paragraph, that the defendant was about to dispose of his property, is made as an inference from certain expressions used by the defendant, when called upon by the plaintiffs for payment of the note sued on, when defendant said if plaintiff "would not sue, he would pay the note, * * but if they did sue, he, McCormac, would throw them into the costs, and would defeat them in getting anything on the note." We hardly think that these expressions would be enough in themselves to sustain the allegation that McCormac intended to dispose of his property with intent to defraud his creditors. Upon the whole, we are of opinion that

the order of the Circuit Judge setting aside the attachment could be sustained upon the ground that said attachment was irregularly issued, the affidavit upon which it was founded being insufficient, as appears from an inspection thereof.

As to the other ground, to wit: that the attachment was improvidently issued. The Circuit Judge, after a careful consideration of the affidavits submitted by the defendant contesting the truth of the allegations in the original affidavit, and the reply of the plaintiffs, came to the conclusion that said allegations were not sustained by the preponderance of the evidence, and therefore that there was no ground upon which the attachment could stand. This is a finding of fact by the Circuit Judge, which we are not authorized to disturb, unless under the well established rule (which rule applies here, see *Claussen & Co.* v. *Easterling*, 19 *S. C.*, 515) it is without testimony, or the overwhelming weight thereof is the other way. We do not think that either of these conditions is present.

We do not understand that the judgment appealed from affects in any way the attachment as to E. L. McCormac, either as to any property of his levied upon or garnisheed in the hands of others, and so understanding and construing it,

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.